Filed 11/30/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANTHONY BRAGGS, <br><br> Defendant and Appellant. | H049710 <br> (Santa Clara County <br> Super. Ct. No. C1353512) |

## I.  INTRODUCTION

In 2014, defendant Anthony Braggs pleaded no contest to second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and second degree burglary (§§ 459, 460, subd. (b)).  He also admitted that he had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), that he had suffered one prior serious felony conviction (§ 667, former subd. (a)), and that he had served two prior prison terms (§ 667.5, former subd. (b)).  Defendant was sentenced to 13 years in prison.

In 2020, the Secretary of the Department of Corrections and Rehabilitation (CDCR) recommended that defendant's sentence be recalled and that he be resentenced pursuant to then section 1170, subdivision (d).  The recommendation by the Secretary of the CDCR (Secretary) was based on a change in the law that gives a trial court the discretion to strike a prior serious felony enhancement (see §§ 667, subd. (a)(1), 1385).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The court in defendant's case ultimately granted the request to recall his sentence and to resentence him. The resentencing hearing was held on January 10, 2022. Due to another change in the law, the prior prison term enhancements were no longer applicable to defendant. The court did not impose those enhancements, but it otherwise imposed the same sentence as the original sentence, including the five-year prior serious felony enhancement, which resulted in a total term of 11 years. The court awarded custody credits, ordered a stayed restitution fine and a suspended parole revocation restitution fine, and advised defendant of a three-year parole period.

On appeal, defendant contends that the case must be remanded for resentencing pursuant to the Secretary's recommendation because the trial court failed to apply a new statutory "presumption favoring recall and resentencing," which went into effect a few days prior to the January 10, 2022 resentencing hearing. (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2).) Defendant further argues that even if the court was aware of the statutory presumption, there is nothing in the record to support a finding that he is "an unreasonable risk of danger to public safety," which is required in order to overcome the presumption. (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2).) Second, defendant contends that his excess custody credits should be applied to his restitution fines and parole period.

For reasons that we will explain, we will reverse the judgment and remand the matter for resentencing on the limited issues of whether defendant has excess custody time and whether and to what extent he is entitled to credit against his restitution fines and parole period.

## II. BACKGROUND

### A. *The Offenses*[2]

In 2013, defendant entered a bank and gave the teller a paper bag and a note demanding money. The teller put approximately $7,786 into the bag and gave it to defendant. Defendant left the bank but was apprehended by police a short time later. The police found a bag nearby containing money taken from the bank.

### B. *The Charges, Pleas, and Original Sentencing*

Defendant was charged by complaint with second degree robbery (§§ 211, 212.5, subd. (c); count 1) and second degree burglary (§§ 459, 460, subd. (b); count 2). The complaint also alleged that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), that he had suffered one prior serious felony conviction (§ 667, former subd. (a)), and that he had served two prior prison terms (§ 667.5, former subd. (b)).

Defendant pleaded no contest to both counts and admitted all allegations. He subsequently filed a *Romero* motion[3] requesting that the trial court dismiss one of his prior strikes. The prosecutor filed opposition to the motion.

In July 2014, the trial court partially granted defendant's *Romero* motion by dismissing one of his prior strikes. The court sentenced defendant to 13 years in prison. The sentence consisted of six years (the middle term, doubled) on count 1, a consecutive five-year term for the prior serious felony enhancement (§ 667, former subd. (a)), and two consecutive one-year terms for the prior prison term enhancements (§ 667.5, former subd. (b)). The court stayed the term for count 2 pursuant to section 654.

---

[2] The facts underlying defendant's offenses are taken from the probation officer's report, which was based on a police report.

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

## C. *The CDCR Recommendation for Recall of Sentence and Resentencing*

In a letter to the trial court dated February 20, 2020, the Secretary recommended that defendant's sentence be recalled and that he be resentenced pursuant to section 1170, subdivision (d). The basis for the recommendation was a change in the law that gave trial courts the discretion to strike a prior serious felony enhancement (see §§ 667, subd. (a)(1), 1385). The Secretary stated, "In light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1) (authority which did not exist at the time of [defendant's] sentencing) I recommend that [defendant's] sentence be recalled and that he be resentenced in accordance with section 1170, subdivision (d)." Various documents were attached to the letter, including documents reflecting defendant's participation in prison work assignments, education, and/or other programming and his prison disciplinary record, which showed three rule violations between 2016 and 2017.

On January 28, 2021, defendant filed a memorandum in support of the Secretary's recommendation. He contended that based on changes in the law, (1) his five-year prior serious felony enhancement could be stricken at the trial court's discretion (§§ 667, subd. (a), 1385) and (2) the one-year prior prison term enhancements no longer applied to him (§ 667.5, subd. (b)). Defendant also argued that he was entitled to a full resentencing, including the trial court considering the dismissal of his prior strikes. In support of resentencing, defendant referred to the role that mental illness played in the current offense. He also referred to his positive adjustment in prison, as reflected in his placement in the yard with the lowest security level, participation in mental health programming, work assignments in various positions at the prison, his attempt to obtain a GED, the loss of credits for discipline on only one occasion in 2016, and the fact that he had no disciplinary writeups since 2017.

On the same day, the prosecutor filed a letter with the trial court stating that he did "not join in the recall recommendation" by the Secretary. The prosecutor stated that if

4

the court recalled the sentence, the prosecutor would then express his views regarding the appropriate sentence. The prosecutor generally indicated that his recommendation would be "consistent with the sentence previously imposed."

On May 26, 2021, the trial court appointed counsel for defendant and provided defendant an opportunity to file any additional documents that he wanted the court to consider in support of the request to recall his sentence.

On June 29, 2021, defendant submitted additional documentation, including a letter that he had written to the court, a certificate recognizing him as patient of the month, and a release plan prepared by the social work team for the public defender's office.

### D. *The Trial Court's Initial Denial of Recall and Resentencing*

On September 27, 2021, without a hearing, the trial court filed an order denying the request to recall defendant's sentence. The court observed that the Secretary's recall recommendation was based on statutory amendments that provided a trial court with the discretion to strike or dismiss a prior serious felony enhancement. The court observed that those amendments applied only to cases that were not yet final on appeal. The court declined to extend the amendments to defendant's case, which had been final for many years by the time the amendments went into effect on January 1, 2019. The court acknowledged that the Secretary's recommendation provided the court with authority to recall a sentence, but the court determined that to do so in this instance was inconsistent with the law, where the statutory amendments did not indicate that they applied to cases that were already final.

### E. *Defendant's Motion for Reconsideration*

On November 19, 2021, defendant filed a motion for reconsideration. First, defendant contended that pursuant to recent caselaw, the trial court had the authority under section 1170, subdivision (d)(1) to recall and resentence him based on changes in the law even though the judgment in his case was already final. Second, defendant

5

explained that effective January 1, 2022, an amendment to section 667.5, subdivision (b), would render his prior prison term enhancements legally invalid. In a footnote, defendant also stated that other changes in the law effective January 1, 2022, "may bear on [his] resentencing," including a new section 1170.03, addressing the procedure for recall of a sentence. Defendant requested that the court set aside its earlier ruling and continue the matter to early January 2022, at which time he would be eligible for resentencing based on the change in law regarding prior prison term enhancements.

### F. *The December 6, 2021 Grant of Reconsideration*

On December 6, 2021, the trial court held a hearing on defendant's motion for reconsideration. Defendant and the prosecutor discussed the possibility that if defendant's two prior prison term enhancements were stricken under the amendment effective January 1, 2022, then defendant would be released from prison. After hearing argument from the parties, the court granted the motion for reconsideration, set aside its September 27, 2021 order, and set the matter for a further hearing on January 10, 2022.

### G. *The January 10, 2022 Hearing Regarding Recall and Resentencing*

The trial court held a hearing regarding the request for recall of sentence and resentencing on January 10, 2022. After hearing argument from the parties, the court stated that "under Penal Code Section 1170(d)(1)," it was recalling defendant's sentence and resentencing him. In resentencing defendant, the court stated that with respect to defendant's *Romero* motion, it was striking one of his prior strike convictions. The court explained that the strike was remote in time, the offense did not involve a weapon and the monetary loss was minimal, defendant had suffered from substance abuse and serious mental health issues, he performed well in recent years with respect to prison programming, and he had been accepted into a Salvation Army program if released.

The trial court proceeded to sentence defendant to 11 years in prison. The sentence consists of six years (the middle term, doubled) on count 1 and a consecutive five-year term for the prior serious felony enhancement (§ 667, subd. (a)). The court

6

explained that the two, one-year prior prison term enhancements (§ 667.5, former subd. (b)) would not be imposed because they were "no longer legally valid." The court stayed the term for count 2 pursuant to section 654.

In imposing the five-year prior serious felony enhancement, the trial court explained that it had considered the fact that defendant had engaged in violent conduct, he had prior convictions as an adult, he had served prior prison terms, he was on postrelease community supervision when the instant offense was committed, his performance on parole was not satisfactory, and the circumstances in mitigation included his early plea in this case.

The trial court determined that defendant's custody credits at the time of his original sentence on July 14, 2014, were 466 actual days and 69 days pursuant to section 2933.1, for a total of 535 days. The court further determined that defendant had accrued an additional 2,737 actual days in prison custody and that the CDCR should calculate "all additional good time and work time for his time in prison." The court advised defendant of a three-year period of parole. The court imposed a restitution fine of $300, but stayed that amount based on defendant's inability to pay, and imposed a suspended parole revocation restitution fine in the same amount. The court ordered defendant to pay victim restitution and waived other fees or assessments.

### III.  DISCUSSION

#### A.  *Recall and Resentencing*

Defendant contends that the trial court failed to apply a new statutory "presumption favoring recall and resentencing," which went into effect a few days prior to the January 10, 2022 resentencing hearing. (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2).) Because the court was apparently unaware of the presumption, defendant argues that the court's denial of the recommendation by the CDCR to strike his prior serious felony enhancement was an abuse of discretion. He further argues that even if the court was aware of the presumption, there is nothing in the

7

record to support a finding that the presumption had been overcome, that is, by evidence that he is "an unreasonable risk of danger to public safety." (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2).) Defendant contends that the case must be remanded for resentencing pursuant to the CDCR's recommendation.

The Attorney General contends that no abuse of discretion by the trial court has been shown. The Attorney General argues that the "record shows that the trial court meaningfully considered" the fact that defendant had no prior history of violence or weapon use and his conduct while in prison but rejected those facts in deciding not to strike defendant's prior serious felony enhancement because of defendant's "extensive criminal history." The Attorney General argues that although the court failed to specifically find that defendant posed an unreasonable danger to public safety, his "history of committing bank robberies risked great violence" and "supported an implicit finding that he posed an unreasonable danger to public safety if released to the community."

## 1. Prior to January 1, 2022:
## Section 1170, Former Subdivision (d)(1)

Prior to January 1, 2022, section 1170, former subdivision (d)(1) (former section 1170(d)(1))[4] "authorize[d] the Secretary of the CDCR to recommend to the

---

[4] At all relevant times prior to January 1, 2022, former section 1170(d)(1) provided that a trial court may, "at any time upon the recommendation of the" Secretary, "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence (continued)

superior court that the court recall a previously imposed sentence and resentence the defendant. [Citations.] The CDCR recommendation furnishe[d] the court with jurisdiction it would not otherwise have to recall and resentence and [was] 'an invitation to the court to exercise its equitable jurisdiction.' [Citation.]" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).)

## 2. On and After January 1, 2022:
## Former Section 1170.03 Renumbered as Current Section 1172.1

"Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1038.) "[T]he Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. [Citation.]" (*Id.* at p. 1041.)

Effective June 30, 2022, "[t]he Legislature . . . renumbered section 1170.03 to section 1172.1, but made no substantive changes. [Citation.]" (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2 (*Salgado*).) Section 1172.1 continues to provide that a trial court may recall and resentence a defendant at any time upon the recommendation of the Secretary or other specified public official. (§ 1172.1, subd. (a)(1); see former § 1170.03, subd. (a)(1).) Section 1172.1 also provides that if the "resentencing request . . . is from the Secretary of the Department of Corrections and Rehabilitation," then "[t]here shall be a *presumption favoring recall and resentencing of the defendant,*

---

that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served." (Stats. 2020, ch. 29, § 14, eff. Aug. 6, 2020.)

*which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety*, as defined in subdivision (c) of Section 1170.18." (*Id.*, subd. (b)(2), italics added; see former § 1170.03, subd. (b)(2).) Subdivision (c) of section 1170.18 in turn defines an unreasonable risk of danger to public safety as "an unreasonable risk that the [defendant] will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)(iv)]." This "subdivision of section 667 identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 351, fn. omitted.)[5]

### 3. Analysis

In this case, at the resentencing hearing on January 10, 2022, the trial court expressly stated that it was recalling defendant's sentence and resentencing him under section 1170(d)(1). At the time of the hearing, however, section 1170(d)(1) had been replaced by section 1170.03 (later renumbered as § 1172.1). (See *McMurray*, *supra*, 76 Cal.App.5th at p. 1038; *Salgado*, *supra*, 82 Cal.App.5th at p. 378, fn. 2.) Defendant contends that the trial court abused its discretion by failing to apply the new presumption in favor of recall and resentencing, which was in effect at the time of the January 10,

---

[5] The eight types of felonies or super strikes are: "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 286, or sexual penetration with another person who is under 14 years of age and more than 10 years younger than the defendant, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machinegun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(I–VIII).)

2022 hearing, and which can only be overcome by a finding that defendant is an unreasonable risk of danger to public safety. (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2).) He also argues that even if it is assumed that the court was aware of the presumption, the court's denial was still an abuse of discretion because nothing in the record supports a finding that he is an unreasonable risk of danger to public safety. (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2).)

We determine that defendant fails to show prejudicial error in (1) the trial court's purported failure to apply the presumption or (2) the purported lack of evidence to support a finding overcoming the presumption. Former section 1170.03 and current section 1172.1 provide that where the Secretary has requested resentencing, "[t]here shall be a *presumption favoring recall and resentencing* of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety . . . ." (Former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2), italics added.) The court in this case in fact *recalled* defendant's sentence and *resentenced* him. Defendant was therefore not prejudiced by any purported failure of the court to apply the presumption or the purported lack of evidence to support a finding overcoming the presumption. Although on resentencing, the court did not strike the prior serious felony enhancement as discussed in the Secretary's letter, nothing in former section 1170.03 or current section 1172.1 provides for a presumption in favor of the Secretary's *particular* recommended sentence. Rather, the statute provides for a presumption regarding recalling and resentencing a defendant, but not a presumption as to a particular sentence recommended by the Secretary.

We find support for our interpretation of the statutory phrase "presumption favoring recall and resentencing of the defendant" in the uncodified portion of the law that became section 1170.03, subdivision (b)(2) (later renumbered as § 1172.1, subd. (b)(2)). The Legislature explained that "[i]t is the intent of the Legislature for judges to recognize the scrutiny that has already been brought to these referrals by the

11

referring entity, and *to ensure that each referral be granted the court's consideration by* setting an initial status conference, recalling the sentence, and *providing the opportunity for resentencing* for every felony conviction referred by one of these entities." (Stats. 2021, ch. 719, § 1, subd. (h), italics added.) The Legislature's intent was thus to "ensure" that the Secretary's referral was given "court[] consideration," meaning by "*providing the opportunity* for resentencing." (*Ibid.*, italics added.) Defendant in this case was given such consideration by the court, including the opportunity for resentencing. Indeed, he was actually resentenced although not to the same extent as addressed in the Secretary's letter.

Our interpretation of the statutory phrase "presumption favoring recall and resentencing of the defendant" (former § 1170.03, subd. (b)(2), renumbered as § 1172.1, subd. (b)(2)) is further supported by the legislative history of former section 1170.03. A committee analysis explained that the legislation "*would require a court to presume that it is appropriate to recall and resentence a defendant that has been referred by CDCR*, [Board of Parole Hearings], the county sheriff, or the prosecuting agency, *unless a court finds an unreasonable risk that the defendant would commit a violent felony*, as specified. That is a fairly high bar. However, these are cases which have already been vetted as being appropriate for recall and resentencing by the law enforcement agencies recommending recall and resentencing. *Even if a court grants the petition for recall and resentence, the court still has discretion in imposing a new sentence*. The new sentence cannot be more than the original sentence, but *a court would not necessarily impose a lower sentence if the court did not otherwise feel that one was appropriate (unless a change in law from the time of the original sentence mandated a lower sentence)*." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Apr. 22, 2021, p. 6, italics added.) The legislative history thus indicates that the presumption is intended to apply to the initial determination of whether

to grant a request to recall and resentence, but that the sentence ultimately imposed by the court is left to its discretion without any further application of the presumption.

Accordingly, we conclude that defendant fails to demonstrate prejudicial error by the trial court's purported failure to properly apply the presumption in favor of recall and resentencing under former section 1170.03 (renumbered as § 1172.1, subd. (b)(2)).

## B. *Excess Credits*

As we set forth above, the trial court at resentencing determined that defendant's credits at the time of his original sentence on July 14, 2014, were 466 actual days and 69 days pursuant to section 2933.1, for a total of 535 days. The court determined that defendant had accrued an additional 2,737 actual days in prison custody and that the CDCR should calculate "all additional good time and work time for his time in prison." The court advised defendant of a three-year period of parole. The court imposed a restitution fine of $300, but stayed that amount based on defendant's inability to pay, and imposed a suspended parole revocation restitution fine in the same amount.

Defendant contends that his excess custody credits should be applied to his restitution fines and parole period. He acknowledges, however, that "the amount of [his] excess custody credits is unclear from the record on appeal."

The Attorney General responds that defendant "has administrative remedies and can advance similar requests on the proper application of excess credits to CDCR."

Because the amount of defendant's excess custody credits must be determined, we will remand the matter to the trial court to also decide in the first instance whether any excess credits should be applied to defendant's restitution fines and parole period.

## IV. DISPOSITION

The judgment is reversed, and the matter is remanded for resentencing on the limited issues of whether defendant has excess custody time and whether and to what extent he is entitled to credit against his restitution fines and parole period.

13

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

DANNER, J.

_____

WILSON, J.

*People v. Braggs*
**H049710**

| Trial Court: | Santa Clara County Superior Court |
|---|---|
| | Superior Court No.: C1353512 |

| Trial Judge: | Hon. Elizabeth C. Peterson |
|---|---|

| Attorneys for Defendant and Appellant: Anthony Braggs | Julie M. Caleca |
|---|---|
| | Sixth District Appellate Program |

| Attorney for Plaintiff and Respondent: The People | Rob Bonta |
|---|---|
| | Attorney General of California |
| | Lance E. Winters |
| | Chief Assistant Attorney General |
| | Jeffery M. Laurence |
| | Senior Assistant Attorney General |
| | Rene A. Chacon |
| | Supervising Deputy Attorney General |
| | Moona Nandi |
| | Deputy Attorney General |

***People v. Braggs***
**H049710**